```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**CAMILLE B**[1],

    **Plaintiff,**

**v.**                                                                                              **Civil No. 2:20cv262**

**KILOLO KIJAKAZI,**
*Acting Commissioner of*
*Social Security*,

    **Defendant.**

## OPINION AND ORDER

Plaintiff Camille B. ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's denial of her claim for disability insurance under Title II of the Social Security Act. Before the Court are: (1) cross-motions for summary judgment; (2) the Report and Recommendation ("R&R") of the U.S. Magistrate Judge; and (3) Plaintiff's objections to the R&R. For the reasons below, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety, ECF No. 21; **AFFIRMS** the decision of the Commissioner; **GRANTS** Defendant's motion for summary judgment, ECF No. 15; and **DENIES** Plaintiff's cross-motion for summary judgment, ECF No. 13.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases. https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf (last visited Sept. 15, 2021).

## I. Procedural Background

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C). The Magistrate Judge filed the R&R on July 16, 2021, recommending the Court: (1) grant the Commissioner's motion for summary judgment, ECF No. 15; (2) deny Plaintiff's motion for summary judgment, ECF No. 13; and (3) affirm the Commissioner's finding of no disability, ECF No. 21, at 25.

A copy of the R&R was sent to the parties, and they were advised of their right to file written objections to the Magistrate Judge's findings. Plaintiff filed her objections on July 30, 2021, ECF No. 22; the Commissioner responded on August 12, 2021, ECF No. 23; and Plaintiff replied on August 19, 2021, ECF No. 24.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." However, de novo review is unnecessary where a party merely restates the arguments raised on summary judgment. Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (finding de novo review unnecessary because "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review"). Similarly, de novo review is unnecessary where a party objects to the entirety of the magistrate

judge's report. Id. (holding that de novo review is unnecessary because "[a] general objection to the entirety of the magistrate judge's report is tantamount to a failure to object" (quoting Tyler v. Wates, F. App'x 289, 290 (4th Cir. 2003)) (internal quotation marks omitted)); accord Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").[2] Rather, under either circumstance, the district court need only review the magistrate judge's report and recommendation for "clear error." Lee v. Saul, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (emphasis added); accord Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008).

### III. Discussion

Plaintiff made the following three arguments in her motion for summary judgment:

1. The ALJ failed to address contradictory evidence from vocational experts across both administrative hearings;

---

[2] In Howard, the Sixth Circuit articulated the purpose behind construing general objections as a failure to object:

> The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

932 F.2d at 509; accord United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

3

2. The ALJ failed to account for Plaintiff's mental limitations in assessing her disability; and

3. The ALJ could not hear the case on remand because she was improperly appointed for the first administrative hearing under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

See ECF No. 14, at 3-12. After the Magistrate Judge released his R&R, Plaintiff objected to:

1. The Magistrate Judge's finding that the ALJ relied on appropriate testimony from the vocational expert;

2. The Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's mental impairments; and

3. The Magistrate Judge's finding that the ALJ who decided Plaintiff's case was constitutionally appointed.

See ECF No. 22, at 1-6. Plaintiff's objections to the R&R just restate her entire argument for summary judgment. But Plaintiff does not appear to object to the Magistrate Judge's factual findings, and Plaintiff does raise specific objections to the Magistrate Judge's legal analysis. Carter v. Saul, No. 1:19cv191, 2020 WL 1502860, at *2 (S.D. W. Va. Mar. 30, 2020) (reviewing the R&R de novo because "claimant has made specific objections to particular findings . . . based on relevant arguable points of law"). Accordingly, with no parties objecting, and finding no clear error, the Court will adopt the Magistrate Judge's factual findings in the R&R, and the Court will review the Magistrate Judge's legal analysis de novo.

4

**A. Appointments Clause**

Plaintiff's first objection is that the Magistrate Judge incorrectly concluded that Plaintiff did not have a right under the Appointments Clause to a different ALJ after the case was remanded from the Appeals Council. U.S. Const. art. II, § 2, cl. 2; ECF No. 22, at 1-3. Plaintiff rests her argument on the Supreme Court's decisions in Lucia v. SEC, 138 S. Ct. 2044 (2018) and Carr v. Saul, 141 S. Ct. 1352 (2021).

In March 2018, the ALJ assigned to Plaintiff's case denied Plaintiff's claims for disability benefits, and Plaintiff appealed that decision to the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded for further review, concluding that the ALJ's decision concerning transferable skills was not supported by the record and directing the ALJ to make new findings on that issue. Before the ALJ could conduct the second hearing, the Supreme Court decided Lucia on June 21, 2018.

In Lucia, the Supreme Court held that ALJs employed by the Securities and Exchange Commission ("SEC") were "Officers of the United States" and thus subject to the Appointments Clause. 138 S. Ct. at 2055. Because SEC ALJs at the time were not appointed by either the President, a court of law, or the head of a department, the Lucia Court concluded that the appointment of the ALJ being challenged was unconstitutional. 138 S. Ct. at 2055. To prevent a litigant from thinking that filing an Appointments

Clause challenge is futile because she will end up before the same ALJ once the Appointments Clause issue is resolved and obtain the same result on the merits, the Supreme Court required that a different ALJ hear the case on remand. Id. at 2055 & n.5.

One month after Lucia, the SSA's Acting Commissioner, "ratified the appointments" of all SSA ALJs and "approved those appointments as her own." 84 Fed. Reg. 9583 (2019) (noting that the decision was made on July 16, 2018). Eight months later, the ALJ from Plaintiff's first hearing conducted the second hearing and heard new evidence. In April 2019, the ALJ again found Plaintiff not disabled, and the Appeals Council denied review of that decision. At no point during administrative proceedings did Plaintiff raise an Appointments Clause challenge.

During proceedings before the Magistrate Judge, the Supreme Court decided Carr, holding that SSA litigants do not have to raise Appointments Clause challenges during administrative proceedings to preserve the issue in federal court. 141 S. Ct. at 1362. In Carr, SSA claimants were denied disability benefits by unconstitutionally appointed ALJs and sought review of those decisions in federal court. Id. at 1356–57. After the claimants arrived in federal court, the Supreme Court decided Lucia, so the claimants requested new hearings before constitutionally appointed ALJs. Carr, 141 S. Ct. at 1357. The Commissioner opposed their requests because the claimants did not raise Appointments Clause

6

challenges during administrative proceedings. Id. The Supreme Court rejected that argument because SSA administrative proceedings were not sufficiently adversarial to justify an issue-exhaustion requirement. Id. at 1360.

Here, Plaintiff does not contend that the ALJ was not properly appointed by the time her second hearing began in March 2019. Rather, Plaintiff argues that she was entitled to a different ALJ in the second hearing because the original ALJ was improperly appointed in the first hearing, relying on the Supreme Court's remand remedy in Lucia. ECF No. 22, at 3. The fact that Plaintiff did not raise the Appointments Clause issue during her first administrative appeal is irrelevant, she argues, because she did not have to under Carr to preserve the issue in federal court. Id.

Plaintiff's reliance on Lucia and Carr is misplaced, however, because neither case is applicable here. In Lucia the Court prohibited the original SEC ALJ from hearing the case on remand because a litigant will not raise an Appointments Clause challenge if she knows she will end up before the same ALJ and obtain the same result on the merits once the Appointments Clause issue is resolved. 138 S. Ct. at 2055 n.5. Indeed, the Court's remedy was animated by the fear of an ALJ who has "no reason to think he did anything wrong on the merits—and so could be expected to reach all the same judgments." Id. (emphasis added). That is not the case

7

here. The ALJ's original decision was vacated by the Appeals Council on the merits—namely, because of an evidentiary defect. Thus, the reason behind the Court's remedy in Lucia is not applicable here. Furthermore, Lucia's remedy was not a bright-line rule. The Lucia Court explicitly acknowledged that it "do[es] not hold that a new officer is required for every Appointments Clause violation." Id.

Plaintiff argues that the R&R's analysis was incorrect on this point because it punishes her for not raising the Appointments Clause issue during administrative proceedings, violating Carr. ECF No. 22, at 2-3. But this argument misses the mark. Exhaustion is not the issue here. The issue here is the effect of a vacated judgment. In Carr, the claimants' disability claims were denied by improperly appointed ALJs, and the claimants were seeking review of those decisions in federal court. See 141 S. Ct. at 1357. Crucially, the ALJs were improperly appointed when they rendered the decision being reviewed in federal court. Here, by contrast, Plaintiff is raising an Appointments Clause challenge to a decision that was vacated on the merits. See Zuniga v. Comm'r of Soc. Sec., 772 F. App'x 870, 871 (11th Cir. June 28, 2019) (per curiam) (holding that an SSA ALJ's opinion that was vacated by the Appeals Council had "no legal effect" and was "void" (quoting United States v. Sigma Int'l, Inc., 300 F.3d 12778, 1280 (11th Cir. 2002)) (internal quotation marks omitted)). The only decision currently

under review by this Court is the ALJ's April 2019 merits-based decision, which was made after the ALJ's appointment was ratified by the Acting Commissioner of the SSA. The ALJ was properly appointed during the entire administrative adjudication that this Court is reviewing. See Govachini v. Comm'r of Soc. Sec., No. 19-1433, 2020 WL 5653339, at *1 n.1 (W.D. Pa. Sept. 23, 2020) (rejecting an Appointments Clause challenge because the ALJ "was properly appointed during the entirety of the administrative adjudication" that occurred after the ALJ's original decision was overturned).[3] Thus, Plaintiff's Appointments Clause objection fails.

### B. Prior Vocational Expert Testimony

Plaintiff's second objection is that the Magistrate Judge improperly concluded that the ALJ did not have to reconcile the testimony of the vocational expert ("VE") in the first hearing and the testimony of the VE in the second hearing regarding the nature of Plaintiff's past work.

In the first administrative hearing, the VE testified that Plaintiff worked at a medium exertional level and described Plaintiff's work as a composite of three different DOT occupations. After vacating the first judgment, the Appeals Council remanded

---

[3] Although Giovachini was decided prior to Carr, the Third Circuit had already held that there was no exhaustion requirement for Appointments Clause challenges. See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 153 (3d Cir. 2020); Giovachini, 2020 WL 5653339, at *1 n.1.

9

the case for additional evidence, and the ALJ conducted a second hearing. There, a different VE testified that Plaintiff's work was performed at a light exertional level and disagreed that Plaintiff's work was a composite job, instead classifying Plaintiff's work as that of a museum director. Plaintiff maintains that the ALJ erred in adopting the second VE's testimony without addressing the conflicting testimony from the first VE. ECF No. 22, at 3.

As an initial matter, 42 U.S.C. § 405(g) grants judicial review of only the Commissioner's "final decision." Id. ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision."). Here, the ALJ's second decision, which the Appeals Council declined to review, is the final decision of the Commissioner. See Smith v. Barryhill, 139 S. Ct. 1765, 1776 (2019). Thus, discrepancies between the ALJ's vacated first decision and operative second decision are not subject to this Court's review because this Court's review is limited to the ALJ's second decision.

Despite this, Plaintiff cites several cases to support the proposition that an ALJ must address evidence that contradicts her findings. ECF No. 22, at 3-4. But none of those cases addresses the situation here, where the first judgment was vacated, and the Appeals Council remanded the case back to the ALJ to conduct a new hearing and gather new evidence. Plaintiff cites no case to

10

support her argument that the ALJ is required to address conflicting testimony from a hearing that was voided. See id. at 3-6. On the other hand, multiple courts have found that there is no such requirement. Zuniga, 772 F. App'x at 871 ("Because the Commissioner's vacatur of the ALJ's earlier opinion wiped away the ALJ's prior factual findings, the ALJ was not bound by his previous RFC finding."); Johnson v. Comm'r of Soc. Sec., No. 19cv1273, 2019 WL 6888252, at *5 (D. Ariz. Dec. 18, 2019) ("[I]t would be anomalous that an ALJ would be required to resolve inconsistency between the first hearing that was voided and the new hearing, which occurred because the first hearing and decision was voided. Moreover, there is no requirement that an ALJ resolve inconsistent testimony from two different hearings."); Curtis v. Colvin, No. 3:15cv225, 2016 WL 1056682, at *18 (N.D. Tex. Feb. 26, 2016) (same), report and recommendation adopted, No. 3:15cv225, 2016 WL 1047105 (N.D. Tex. Mar. 15, 2016). Indeed, "[o]nce the case was remanded to the ALJ to gather more information about the extent of [Plaintiff's] disability, the ALJ was free to reevaulate the facts." Houston v. Sullivan, 895 F.2d 1012, 1015 (5th Cir. 1989); accord Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir. 1987). As such, Plaintiff's second objection fails.

### C. Plaintiff's Mild Mental Limitations

Plaintiff's final objection is that the Magistrate Judge incorrectly concluded that "a non-severe mental impairment means

11

that a claimant has no mental functional limitations at all." ECF No. 22, at 6. Plaintiff misconstrues the Magistrate Judge's conclusion. The Magistrate Judge found that the ALJ did not err by not including Plaintiff's mild mental limitations in the residual functional capacity assessment ("RFC")[4] because of the evidence in the record. The ALJ accorded great weight to the opinions of two state agency psychologists (the only opinions regarding mental limitations on record), who concluded that Plaintiff's non-severe mild limitations in (1) understanding, remembering, and applying information, and (2) concentration, persistence, and pace did not significantly limit her ability to do basic work activities. See ECF No. 21, at 20-22.

An impairment is not severe if it does not significantly limit a claimant's mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If an impairment is not severe, a claimant is not entitled to disability benefits. See id. Here, Plaintiff admits her mental impairments are not severe, but she argues that an ALJ must always include all limitations she finds credible in her RFC, even if they arise from a non-severe impairment. This is incorrect.[5] In Mascio v. Colvin, the Fourth Circuit held that an

---

[4] The RFC is an assessment of the claimant's physical and mental limitations that affect what the claimant can do in the workforce. 20 C.F.R. § 416.945(a). The RFC is used to determine whether a claimant qualifies for disability benefits.

[5] Plaintiff cites 20 C.F.R. §§ 404.1523, 404.1545(a)(2) to argue that "an ALJ must include all limitations she finds credible in her RFC finding, even if those limitations arise from a non-severe impairment." ECF No. 22, at 6.

12

ALJ erred by failing to explain why a claimant's moderate mental limitation was not included in the RFC. 780 F.3d 632, 638 (4th Cir. 2015). Importantly, however, Mascio said nothing regarding mild limitations. See id. In fact, the Fourth Circuit qualified Mascio in Shinaberry v. Saul, stating:

> [W]e did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC. On the contrary, we explained that an "ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation" in the claimant's RFC.

952 F.3d 113, 121 (4th Cir. 2020) (quoting Mascio, 780 F.3d at 638). The record here demonstrates that the ALJ did not err by deciding not to include Plaintiff's mild mental limitations in the RFC. Notably, both state psychologists testified that Plaintiff's limitations were not severe and warranted no work-related mental limitations, and those opinions were the only opinions on record regarding Plaintiff's mental limitations. ECF No. 21, at 21. Plaintiff also noted in her testimony that by 2015 she was "doing

---

But neither regulation supports Plaintiff's broad assertion. Under 20 C.F.R. § 404.1523, SSA will consider the combined effect of all impairments, including non-severe impairments, to see if there is a "medically severe combination of impairments" to include in the RFC. Id. (emphasis added). Under 20 C.F.R. § 404.1545(a)(2), SSA will consider all non-severe medical impairments "as explained in §§ 404.1520(c), 404.1521, and 404.1523," which all require severity either individually or in combination. See 20 C.F.R. §§ 404.1520(c), 404.1521, 404.1523. Here, the ALJ considered Plaintiff's mild mental limitations but ultimately decided not to include them in the RFC because the record evidence demonstrated that they were not severe, either individually or in combination.

13

very well," and her medical records indicate her mood swings responded well to her prescribed medication. Id. For the above reasons, Plaintiff's third objection fails.

## IV. Conclusion

After reviewing the record, and performing a de novo review where appropriate, the Court finds no error and hereby **ADOPTS** in its entirety the R&R of the United States Magistrate Judge filed on July 16, 2021, ECF No. 21; **AFFIRMS** the decision of the Commissioner; **GRANTS** Defendant's motion for summary judgment, ECF No. 15; and **DENIES** Plaintiff's cross-motion for summary judgment, ECF No. 13.

The Clerk is requested to forward a copy of this Final Order to all counsel of record for the parties.

**IT IS SO ORDERED.**

/s/ 
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 15, 2021

14